UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR JACOBO LUNA-FLORES et al., <br><br> Plaintiffs, <br><br> v. <br><br> U. S DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Case No.: 19cv316 JM(BLM) <br><br> **ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Presently before the court is Plaintiffs' Motion for Preliminary Injunction (Doc. No. 2) and Defendants' Motion to Dismiss (Doc. No. 10). A hearing on the motions was held on July 29, 2019. Mr. Bernal Ojeda appeared on behalf of Plaintiffs, with Mr. Samuel Bettwy appearing on behalf of the United States Government.

On February 13, 2019, Plaintiffs commenced this action by filing a "Petition for Writ of Habeas Corpus; Complaint for Declaratory and Injunctive Relief." (Doc. No. 1.) Plaintiffs are 11 noncitizens (7 adults and 4 minor children[1]) who presented themselves to the authorities at the San Ysidro Port of Entry (SYS/POE) on November 6, 2018.

---

[1] Originally Luna was seeking asylum for himself, his wife and daughter, his parents, 3 sisters and their 3 children.

1

Following the initial processing at SYS/POE, all but Cesar Luna-Flores ("Luna-Flores") and his parents, Jose Antonio Jacobo Luna-Lopez and Maria del Carmen Flores-Castillo, were released on parole from ICE custody and allowed to travel to their intended domiciles in Moorpark, California. (*Id.* at 4-5.)

Since the filing of the documents initiating this lawsuit, Luna-Lopez and Flores-Castillo have been paroled and are living with the rest of their relatives in Los Angeles. (Doc. No. 8 at 4.) On June 6, 2019, Luna-Flores was removed to Mexico at the Hidalgo, Texas port of entry after voluntarily withdrawing his appeal before the Board of Immigration Appeals regarding the denial of his asylum claim. (Doc. No. 16; Doc. No. 16-1.)

The motion for preliminary injunction requested: (1) an order transferring Luna-Flores to the same location he occupied before his allegedly unlawful transfers; (2) an order allowing each Plaintiff to present the testimony of Luna-Flores in support of their respective applications for relief without government arbitrary and capricious interference; (3) an order requiring Defendants to immediately cease their allegedly unconstitutional treatment and unlawful separation of this family of asylum seekers by holding Luna-Flores and his elder parents in the custody of ICE. (Doc. No. 2-2 at 21-22.) At oral argument counsel for Luna-Flores, Mr. Ojeda, acknowledged that the changes in the circumstances of all Plaintiffs had rendered moot all relief requested by Plaintiffs with one exception to be discussed below. Mr. Ojeda expressly withdrew his requests for declaratory relief as well as injunctive relief. Accordingly, the court ORDERS the Plaintiffs' claims for injunctive relief and declaratory relief **WITHDRAWN**. (Doc. No. 2.)

Next, the court turned to the Habeas Corpus portion of Plaintiffs hybrid complaint and questioned if it is also moot. A case is moot when the issues presented are no longer "'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (citation omitted). A key inquiry is whether it is "impossible for the court to grant any effectual relief whatever to [the] prevailing party.'" *Id* (internal quotation marks and citations omitted). "In that case, any opinion as to the

legality of the challenged action would be advisory." *Id.* In the context of a habeas petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. *See generally, Lane v. Williams*, 455 U.S. 624, 631-632 (1982); *see also Abdala v. INA,* 488 F.3d 1061, 1083 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining "collateral consequence" that may be redressed by success on the petition.") (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)).

In the Petition for Writ of Habeas Corpus; Complaint for Declaratory and Injunctive Relief, Plaintiffs seek the following relief from the court:

> (1) Issue a preliminary injunction ordering the Defendants to immediately return Luna-Flores to the San Luis Regional Detention Center, Arizona or any other detention facility which falls under the jurisdiction of the San Diego ICE Field Office A[rea] O[f] R[esponsibility];
> (2) Issue a Writ of Habeas Corpus; order that Luna-Flores be returned to the AOR for the ICE Field Office in San Diego with appropriate conditions of supervision or electronic monitoring devices if necessary on the grounds that Defendants have not shown their detention is reasonably related to any government purpose and the government has not shown a factual basis or facially legitimate and bona fide reason for transferring him as shown to a far distant detention center; in the alternative, issue an order to show cause requiring Defendants to show, within 21 days or a reasonable time period the Court deems proper, why the writ should not issue;
> (3) Issue a declaration that Defendants by their pattern of conduct as asserted in the Complaint have interfered with the Plaintiffs' statutory and constitutional rights to counsel of their choice and by that same conduct have infringed and interfered with the Plaintiffs' existing attorney-client relationship, in violation of their rights under the First and Fifth Amendments to the United States Constitution and the INA with his right to access the courts and petition the government, as well as, with their right to be meaningfully heard;
> (4) A declaration that Defendants' failure to abide by their own internal policies are arbitrary and capricious and contrary to law in violation of the APA (5 U.S.C. § 706(2)), and that Defendants' continuing to infringe and interfere without justification with the Plaintiffs' statutory and constitutional rights to be meaningfully heard on the merits of their applications for asylum and related protections afforded by Congress to persons in the same situation violates the Plaintiffs right to equal protection of the law;

(5) A preliminary injunction ordering the Defendant McHenry to instruct the immigration courts in San Diego, Los Angeles and Virginia that removal proceedings against the P[laintiffs] I[n] C[ustody]s Luna Flores, Luna Lopez, Flores-Castillo, and those against the remaining Plaintiffs be stayed, or suspended, or continued without taking any action other than a continuance for a reasonable period sufficient in time for this Court to determine the permanent relief that may be proper and just in this case to prevent further egregious harm to Plaintiffs;
(6) An injunctive order instructing the Defendants to reconsider and/or reassess the Plaintiffs' individual and collective requests for parole which are to abide by the four squares of the ICE Parole Directive Policy;
(7) Attorneys' fees under the Equal Access to Justice Act, and costs; and
(8) For such other and further or modified relief as the Plaintiffs may request and/or this Court may deem proper.

(Doc. No. 1 at 37-39.)

Although, Mr. Ojeda disagreed with the court's suggestion that the Petition for Habeas Corpus relief was moot he did concede that there is currently no case or controversy before the court and that he is simply seeking an advisory opinion from the court that if necessary Luna-Flores should be paroled into the United States to appear as a witness in his family members' immigration proceedings. Based on Mr. Ojeda's acknowledgment and admission and finding any relief it could offer to be purely advisory, the court **DISMISSES** as **MOOT** the entire action.

In dismissing the action, the court notes that at the hearing Mr. Ojeda clarified that the alleged Administrative Procedures Act ("APA") violations were intended to be used by Plaintiffs as the legal grounds for underlying their petition for habeas corpus and not as separate, independent claims.[2] Accordingly, the court declines to address the service of

---

[2] In Petitioners/Plaintiffs' Supplemental Memorandum of Points and Authorities on the Issue of Jurisdiction, Mr. Ojeda wrote: "the APA claim would be more properly characterized as the legal grounds underlying the required support for the petition for habeas corpus. The Plaintiffs after all filed their habeas petition relying on the APA violations as the centerfold of their claim for unlawful custody, not instead as an independent statutory claim for relief." (Doc. No. 12 at 7.)

process and jurisdictional issues raised in Defendants' motion to dismiss regarding the APA portion of the action.

Finally, Plaintiffs' request for attorneys' fees under the Equal Access to Justice Act, and for costs, is **DENIED** as **MOOT**. Should Plaintiffs seek to obtain relief for any constitutional or other federal law transgressions that may arise in the future, Plaintiffs are strongly advised to seek relief in the proper venue, presumptively the Central District of California. There being no other remaining claims in this action, the Clerk of Court is ordered to CLOSE this case.

IT IS SO ORDERED.

Dated: August 2, 2019

Hon. Jeffrey T. Miller
United States District Judge